**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 1:22-cv-21735-RNS**

ANN JOHNSON, AS THE
REPRESENTATIVE OF A CLASS OF
SIMILARLY SITUATED PERSONS, AND
ON BEHALF OF THE ROYAL
CARIBBEAN CRUISES LTD.
RETIREMENT SAVINGS PLAN,

      Plaintiff,

v.

RUSSELL INVESTMENTS TRUST
COMPANY (F/K/A RUSSELL TRUST
COMPANY), ROYAL CARIBBEAN
CRUISES LTD., AND ROYAL
CARIBBEAN CRUISES LTD.
INVESTMENT COMMITTEE,

      Defendants.

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND INCORPORATED MEMORANDUM OF LAW

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................5

I.      The Plan and Its Participants..................................................................................5

II.     Royal Caribbean's Flawed RFP Process Overlooked Russell's Blatant Self-Interest.........6

III.    The Russell Funds Were an Immediate Flop That Cost the Plan Millions of Dollars........8

IV.    ██████████████████████████████████████████████████████████████
██████████████████████████████████████████ ...................................10

V.     Procedural History .........................................................................................10

VI.    Nature Of Action and Scope of the Proposed Class .................................................11

ARGUMENT ……..............................................................................................................11

I.      LEGAL STANDARD FOR CLASS CERTIFICATION....................................................11

II.     THE PROPOSED CLASS MEETS ALL REQUIREMENTS FOR CERTIFICATION............................12

     A.     The Proposed Class Satisfies the Requirements of Rule 23(a).............................12

           1.     Numerosity and Ascertainability ...............................................12

           2.     Commonality.........................................................................13

           3.     Typicality ...........................................................................14

           4.     Adequacy ............................................................................16

     B.     The Proposed Class Also Satisfies Rule 23(b) ..............................................17

    1.   Rule 23(b)(1)(A) is Satisfied Because Individual Adjudications Would Establish Incompatible Standards of Conduct for Defendants............................................18

    2.   2.Rule 23(b)(1)(B) is Satisfied Because, as a Practical Matter, Individual Adjudications Would Be Dispositive of the Interests of Other Class Members ....................................19

CONCLUSION ..................................................................................................................20

# **TABLE OF AUTHORITIES**

## **Cases**

*Amchem Prod., Inc. v. Windsor*,
   117 S. Ct. 2231 (1997) ............................................................................................12

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
   568 U.S. 455 (2013) ...........................................................................................12, 14

*Armstead v. Pingree*,
   629 F. Supp. 273 (M.D. Fla. 1986) .........................................................................13

*Baird v. Blackrock Inst. Tr. Co., N.A.*,
   2020 WL 7389772 (N.D. Cal. Feb. 11, 2020) ...........................................................3

*Baker v. John Hancock Life Ins. Co.*,
   No. 1:20-cv-10397, ECF No. 53 (D. Mass. Feb. 12, 2021) .......................................4

*Beach v. JPMorgan Chase Bank, Nat'l Ass'n*,
   2019 WL 2428631 (S.D.N.Y. June 11, 2019) ...........................................................3

*Belton v. Georgia*,
   2011 WL 925565 (N.D. Ga. Mar. 14, 2011) ............................................................15

*Berry v. FirstGroup Am., Inc.*,
   No. 1:18-cv-00326, ECF No. 83 (S.D. Ohio Mar. 16, 2022) .....................................4

*Binder v. PPL Corporation*,
   No. 5:22-cv-00133, ECF No. 82 (E.D. Pa. Mar. 13, 2024) ......................................4

*Boley v. Universal Health Servs., Inc.*,
   36 F.4th 124 (3d Cir. 2022) ...............................................................................15, 18

*Brotherston v. Putnam Investments, LLC*,
   No. 1:15-cv-13825, ECF No. 88 (D. Mass. Dec. 13, 2016) ......................................4

*Cassell v. Vanderbilt Univ.*,
   2018 WL 5264640 (M.D. Tenn. Oct. 23, 2018) ........................................................4

*Cates v. The Trustees of Columbia University in the City of New York et. al,*, No. 1:16-CV-06524,
   ECF No. 210 (S.D.N.Y. Nov. 8, 2018) .....................................................................4

*Cates v. The Trustees of Columbia University in the City of New York et. al*, 1:16-cv-06524, ECF
   No. 195 (S.D.N.Y. Sept. 28, 2018) ..........................................................................4

*Chong v. KPMG, LLP,*
    No. 2:21-cv-19330, ECF No. 101 (D.N.J. October 11, 2023) ............................................4

*Clark v. Duke Univ.,*
    2018 WL 1801946 (M.D.N.C. Apr. 13, 2018) ........................................................4, 15, 20

*Cox v. am. Cast Iron Pipe Co.,*
    784 F.2d 1546 (11th Cir. 1986) .......................................................................................12

*Cryer v. Franklin Templeton Res., Inc.,*
    2017 WL 4023149 (N.D. Cal. July 26, 2017) ....................................................................4

*Cunningham v. Cornell Univ.,*
    2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) .................................................................3, 13

*Cunningham v. Wawa, Inc.,*
    387 F.Supp. 3d 529 (E.D. Pa. 2019) .................................................................................4

*Daugherty v. Univ. of Chicago,*
    2018 WL 1805646 (N.D. Ill. Jan. 10, 2018) ......................................................................4

*Donovan v. Bierwirth,*
    680 F.2d 263 (2d Cir. 1982) ..............................................................................................1

*Falberg v. Goldman Sachs Grp., Inc.,*
    2022 WL 538146 (S.D.N.Y. Feb. 14, 2022) .............................................3, 14, 16, 17, 18

*Feinberg v. T. Rowe Price Group, Inc.,*
    No. 1:17-cv-00427, ECF No. 83 (D. Md. May 17, 2019) ...................................................4

*Fuller v. SunTrust Banks, Inc.,*
    2019 WL 5448206 (N.D. Ga. Oct. 3, 2019) ...............................................................14, 20

*Ge. Tel. Co. v. Falcon,*
    457 U.S. 147 (1982) ....................................................................................................12, 14

*Harmon v. Shell Oil Co.,*
    2023 WL 5758889 (S.D. Tex. Sept. 6, 2023) ..............................................................3, 19

*Henderson v. Emory Univ.,*
    2018 WL 6332343 (N.D. Ga. Sept. 13, 2018) ........................................................ *passim*

*Herman v. NationsBank Trust Co.,*
    126 F.3d 1354 (11th Cir. 1997) .........................................................................................1

*Huang v. TriNet HR III, Inc.,*
    2022 WL 13631836 (M.D. Fla. Oct. 21, 2022) ...................................................... *passim*

*Hurtado v. Rainbow Disposal Co.,*
    2019 WL 1771797 (C.D. Cal. Apr. 22, 2019) ....................................................3, 4, 16, 19

*In re Carbon Dioxide Antitrust Litig.,*
    149 F.R.D. 229 (M.D. Fla. 1993).......................................................................................12

*In re Ikon Office Sols., Inc.,*
    191 F.R.D. 457 (E.D. Pa. 2000).........................................................................................19

*In re Medstar ERISA Litig.,*
    No. 1:20-cv-01984-DLB, ECF 64 (D.Md. July 12, 2022)....................................................4

*In re Schering Plough Corp. ERISA Litig.,*
    589 F.3d 585 (3d Cir. 2009)...............................................................................................1

*In re Suntrust Banks, Inc., ERISA Litig.,*
    2016 WL 4377131 (N.D. Ga. Aug. 17, 2016) ....................................................1, 3, 15, 20

*Karpik v. Huntington Bancshares Inc.,*
    2021 WL 757123 (S.D. Ohio Feb. 21, 2021).....................................................................17

*Kirkpatrick v. J.C. Bradford & Co.,*
    827 F.2d 718 (11th Cir. 1987) ...........................................................................................16

*Kornberg v. Carnival Cruise Lines, Inc.,*
    741 F.2d 1332 (11th Cir. 1984) .........................................................................................15

*Krueger v. Ameriprise Fin., Inc.,*
    304 F.R.D. 559 (D. Minn. 2014).................................................................................3, 4, 20

*Lauderdale v. NFP Retirement Inc.,*
    2022 WL 1599916 (C.D. Cal. Feb. 16, 2022)..............................................2, 3, 14, 15, 19

*Leber v. Citigroup 401(k) Plan Inv. Comm.,*
    323 F.R.D. 145 (S.D.N.Y. 2017) .......................................................................................4

*Mattson v. Milliman, Inc.,*
    No. 22-0037-TSZ, ECF No. 106 (W.D. Wash. Oct. 6, 2023) ...................................3, 4, 16

*McDonnell-Douglas Corp. v. U.S. Dist. Court for Central Distr. of Cal.,*
    523 F.2d 1083 (9th Cir. 1975) ...........................................................................................19

*Mills v. Molina Healthcare, Inc.*,
    No. 2:22-cv-01813, ECF No. 127 (C.D. Cal. Jan. 17, 2023).............................................4

*Moitoso v. FMR LLC*,
    No. 1:18-cv-12122, ECF No. 83 (D. Mass. May 7, 2019).................................................4

*Monroe Cty. Emps.' Ret. Sys. V. S. Co.*,
    332 F.R.D. 370 (N.D. Ga. 2019).....................................................................................11

*Moreno v. Deutsche Bank Americas Holding Corp.*,
    2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017).............................................................4, 13

*Munro v. Univ. of S. California*,
    896 F.3d 1088 (9th Cir. 2018) ..........................................................................................2

*Munro v. Univ. of S. California*,
    2019 WL 7842551 (C.D. Cal. Dec. 20, 2019) ...................................................2, 3, 15, 16

*Ortiz v. Fireboard Corp.*,
    527 U.S. 815 (1999)..................................................................................................19, 20

*Pizarro v. Home Depot, Inc.*,
    2020 WL 6939810 (N.D. Ga. Sept. 21, 2020) ...........................................................*passim*

*Pledger v. Reliance Tr. Co.*,
    No. 1:15-cv-4444, ECF No. 101 (N.D. Ga. Nov. 7, 2017)..........................................4, 14

*Reetz v. Lowe's Cos.*,
    No. 5:18-cv-00075, ECF No. 94 (W.D.N.C. Oct. 28, 2020) ............................................4

*Rozo v. Principal Life Ins. Co.*,
    2017 WL 2292834 (S.D. Iowa May 12, 2017) .................................................................4

*Sacerdote v. New York Univ.*,
    2018 WL 840364 (S.D.N.Y. Feb. 13, 2018)....................................................................4

*Shirk v. Fifth Third Bancorp*,
    2008 WL 4425535 (S.D. Ohio Sept. 30, 2008) ..............................................................15

*Short v. Brown Univ.*,
    320 F. Supp. 3d 363 (D.R.I. 2018)...................................................................................4

*Silva v. Evonik Co.*,
    No. 2:20-cv-02202, ECF No. 71 (D. N.J. Dec. 13, 2022) ................................................4

*Sims v. BB&T Corp.*,
  2017 WL 3730552 (M.D.N.C. Aug. 28, 2017) ..........................................................4, 15

*Snyder v. UnitedHealth Group, Inc.*,
  No. 21-1049, ECF No. 134 (D. Minn. Mar. 27, 2023) ......................................................4

*Tatum v. R.J. Reynolds Tobacco Co.*,
  254 F.R.D. 59 (M.D.N.C. 2008) .........................................................................................4

*Tibble v, Edison Intern*,
  2009 WL 6764541 (C.D. Cal. June 30, 2009) ..................................................................19

*Tracey v. MIT*,
  2018 WL 5114167 (D. Mass. Oct. 19, 2018) ...............................................................4, 14

*Tussey v. ABB, Inc.*,
  2007 WL 4289694 (W.D. Mo. Dec. 3, 2007) .....................................................................4

*Valley Drug Co. v. Geneva Pharms., Inc.*,
  350 F.3d 1181 (11th Cir. 2003) ........................................................................................16

*Vega v. T-Mobile USA, Inc.*,
  564 F.3d 1256 (11th Cir. 2009) ........................................................................................13

*Velazquez v. Mass. Fin. Srvs. LLC*,
  No. 1:17-cv-11249, ECF No. 94 (D. Mass. June 25, 2019) ...............................................4

*Vellali v. Yale Univ.*,
  2019 WL 5204456 (D. Conn. Sept. 24, 2019) ....................................................................3

*Wachala v. Astellas U.S. LLC*,
  2022 WL 408108 (N.D. Ill. Feb. 10, 2022) .............................................................3, 13, 14

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ...........................................................................................................13

*Waldner v. Natixis Inv. Managers, L.P.*,
  2023 WL 3466272 (D. Mass. Mar. 24, 2023) ...................................................................17

*Washington v. Brown & Williamson Tobacco Corp.*,
  959 F.2d 1566 (11th Cir. 1992) ................................................................................11, 12

*Wehner v. Genentech, Inc.*,
  ECF No. 3:20-cv-06894-RS, ECF No. 98 (N.D. Cal. Sept. 22, 2022) ...............................4

*Wildman v. Am. Century Servs., LLC,*
    2017 WL 6045487 (W.D. Mo. Dec. 6, 2017) ...................................................................4

*Williams v. Centerra Group, LLC,*
    No. 1:20-cv-04220, ECF No. 247 (D.S.C. Dec. 23, 2023) ...............................................4

*Williams v. Mohawk Indus.,*
    568 F.3d 1350 (11th Cir. 2009) .......................................................................................13

## Rules, Regulations, and Statutes

Fed. R. Civ. P. 23(a) ....................................................................................................................... 12

Fed. R. Civ. P. 23(a)(1) ................................................................................................................. 12

Fed. R. Civ. P. 23(a)(2) ................................................................................................................. 13

Fed. R. Civ. P. 23(a)(3) ................................................................................................................. 14

Fed. R. Civ. P. 23(a)(4) ................................................................................................................. 16

Fed. R. Civ. P. 23(b)(1) ................................................................................................................. 17

Fed. R. Civ. P. 23(b)(1)(B) ........................................................................................................... 20

Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note to 1966 Amendment .................... 18, 20

29 U.S.C. § 1002(38) ....................................................................................................................... 6

29 U.S.C. § 1104 ......................................................................................................................... 1, 18

29 U.S.C. 1104(a) ........................................................................................................................... 14

29 U.S.C. § 1109(a) .......................................................................................................................... 2

29 U.S.C. § 1132(a)(2) ..................................................................................................................... 2

## Secondary Authorities

2 Newberg and Rubenstein on Class Actions § 4:12 (6th ed.) ...................................................... 18

Pursuant to Federal Rule of Civil Procedure 23, Plaintiff Ann Johnson ("Plaintiff") hereby moves this Court for an order certifying the following proposed class in this action (or in the alternative, such other class(es) as the Court may determine to be appropriate):

> All participants and beneficiaries of the Royal Caribbean Cruises, Ltd. Retirement Savings Plan at any time from October 1, 2015 to the date Russell was removed as the Plan's investment manager.

In addition, Plaintiff also moves the Court to appoint Plaintiff as the class representative for the class and Plaintiff's counsel as class counsel.

This motion is made based on the incorporated Memorandum of Law, the Declarations of Ann Johnson and Brock Specht (and exhibits thereto), the arguments of counsel, the allegations in the Amended Complaint, and all other papers, pleadings, documents, and materials filed in this action.

## INTRODUCTION

Plaintiff brings this motion for class certification to provide participants in the Royal Caribbean Cruises Ltd. Retirement Savings Plan ("Plan") the same opportunity for class-wide relief that is routinely granted to plan participants in other cases involving ERISA breach of fiduciary duty claims. Not only are ERISA's fiduciary duties the "highest [duties] known to law[,]" *Herman v. NationsBank Trust Co.*, 126 F.3d 1354, 1361 (11th Cir. 1997) (quoting *Donovan v. Bierwirth*, 680 F.2d 263, 272 n. 8 (2d Cir. 1982)), they are "duties with respect to a plan" and protect the "interest of the participants and beneficiaries" collectively. *See* 29 U.S.C. § 1104.

"'In light of the derivative nature of ERISA [Section] 502(a)(2) claims, breach of fiduciary duty claims brought under [Section] 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class, as numerous courts have held.'" *Henderson v. Emory Univ.*, 2018 WL 6332343, at *9 (N.D. Ga. Sept. 13, 2018) (quoting *In re Suntrust Banks, Inc.*,

*ERISA Litig.*, 2016 WL 4377131, at *8 (N.D. Ga. Aug. 17, 2016) (quoting *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009))). Indeed, "ERISA expressly authorizes a plan participant to sue in a representative capacity on behalf of a plan." *Munro v. Univ. of S. California*, 2019 WL 7842551, at *2 (C.D. Cal. Dec. 20, 2019) (citing 29 U.S.C. §§ 1109(a), 1132(a)(2)); *see also Munro v. Univ. of S. California*, 896 F.3d 1088, 1094 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1239 (2019) ("*Munro II*") ("[R]ecovery under ERISA § 409(a) is recovery singularly for the plan."). Accordingly, "[c]ourts in the Eleventh Circuit…have found certification under Rule 23(b)(1) particularly appropriate in an ERISA fiduciary breach case[.]" *Pizarro v. Home Depot, Inc.*, 2020 WL 6939810, at *11 (N.D. Ga. Sept. 21, 2020). This case is no exception.

Here, the Royal Caribbean Defendants[1] imprudently hired Russell as the Plan's 3(38) fiduciary investment manager despite Russell ███████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████ *Declaration of Brock J. Specht ("Specht Decl.") Ex. 1 at 50, 53*. As a result, the Royal Caribbean Defendants are responsible for imprudently hiring and monitoring Russell as the Plan's 3(38) investment manager, Russell is responsible for breaching its duties of loyalty and prudence in selecting the Plan's investment menu and failing to remove the Russell Funds, and the Royal Caribbean Defendants are subject to co-fiduciary liability for Russell's breaches involving the Plan's investments. *See ECF No. 31* ("*Am. Compl.*") ¶¶ *68-83*.

Like similar ERISA cases handled on a class-wide basis, "the central issue in this case is the conduct of the Defendants[,]" not participants. *Lauderdale v. NFP Retirement Inc.,* 2022 WL

---

[1] The defendants in this case are Royal Caribbean Cruises Ltd., the Royal Caribbean Cruises Ltd. Investment Committee (together, the "Royal Caribbean Defendants") and Russell Investments Trust Company ("Russell") (together with the Royal Caribbean Defendants, "Defendants").

1599916, at *5 (C.D. Cal. Feb. 16, 2022) (granting class certification in case involving allegations against a plan sponsor and 3(38) investment manager). "With respect to a defined-contribution plan like [the Plan], fund participants operate against a common background and allegations that a fiduciary has breached its duties in the selection of investment options describe a problem that operates across the plan rather than at the individual level." *Wachala v. Astellas U.S. LLC*, 2022 WL 408108, at *5 (N.D. Ill. Feb. 10, 2022) (granting class certification in case involving allegations against a plan sponsor and 3(38) investment manager); *see also Munro,* 2019 WL 7842551, at *4 (finding "the centralized administration of [the plan] is common to all putative class members"). As numerous courts in this circuit and throughout the country have held, the key questions that are "capable of class-wide resolution" in plan-wide breach of fiduciary duty cases include:

> (1) whether the defendants are fiduciaries to the Plan[]; (2) whether the defendants breached their fiduciary duties; (3) whether the Plan[] suffered losses; (4) how to calculate those losses (if any); and (5) what relief is appropriate.

*Henderson,* 2018 WL 6332343, at *5 (citing *Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 572 (D. Minn. 2014)). The answers to these questions are susceptible to classwide proof because they rise and fall with Defendants' uniform conduct, not Plan participants' conduct.

Accordingly, the overwhelming weight of authority supports Plaintiff's request for class certification.[2] Because the caselaw is replete on this issue, it is becoming increasingly common for

---

[2] *See, e.g., Huang v. TriNet HR III, Inc.,* 2022 WL 13631836 (M.D. Fla. Oct. 21, 2022); *Pizarro,* 2020 WL 6939810; *Henderson*, 2018 WL 6332343; *In re SunTrust Banks, Inc.*, 2016 WL 4377131; *see also Mattson v. Milliman, Inc.*, No. 22-0037-TSZ, ECF No. 106 (W.D. Wash. Oct. 6, 2023); *see also Harmon v. Shell Oil Co.*, 2023 WL 5758889 (S.D. Tex. Sept. 6, 2023); *Lauderdale,* 2022 WL 1599916; *Wachala* 2022 WL 408108; *Falberg v. Goldman Sachs Grp., Inc.,* 2022 WL 538146 (S.D.N.Y. Feb. 14, 2022), *leave to appeal denied sub nom. Goldman Sachs 401(k) Plan Ret. Comm. v. Falberg*, 2022 WL 4126112 (2d Cir. June 29, 2022); *Baird v. Blackrock Inst. Tr. Co., N.A.*, 2020 WL 7389772 (N.D. Cal. Feb. 11, 2020); *Vellali v. Yale Univ.*, 2019 WL 5204456 (D. Conn. Sept. 24, 2019); *Cunningham v. Cornell Univ.*, 2019 WL 275827 (S.D.N.Y.

defendants to stipulate to class certification in similar ERISA cases, and the majority of defendants

in cases involving a plan sponsor and 3(38) investment manager like this one have stipulated to

certification.[3]

---

Jan. 22, 2019), *reconsideration denied*, 2021 WL 964417 (S.D.N.Y. Mar. 15, 2021); *Beach v. JPMorgan Chase Bank, Nat'l Ass'n*, 2019 WL 2428631 (S.D.N.Y. June 11, 2019); *Hurtado v. Rainbow Disposal Co.,* 2019 WL 1771797 (C.D. Cal. Apr. 22, 2019); *Cassell v. Vanderbilt Univ.*, 2018 WL 5264640 (M.D. Tenn. Oct. 23, 2018); *Tracey v. MIT*, 2018 WL 5114167 (D. Mass. Oct. 19, 2018); *Cates v. The Trustees of Columbia University in the City of New York et. al*, 1:16-cv-06524, ECF No. 210 (S.D.N.Y. Nov. 13, 2018); *Sacerdote v. New York Univ.*, 2018 WL 840364 (S.D.N.Y. Feb. 13, 2018); *Short v. Brown Univ.,* 320 F. Supp. 3d 363 (D.R.I. 2018)*; Clark v. Duke Univ.*, 2018 WL 1801946 (M.D.N.C. Apr. 13, 2018); *Daugherty v. Univ. of Chicago*, 2018 WL 1805646 (N.D. Ill. Jan. 10, 2018); *Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145 (S.D.N.Y. 2017); *Moreno v. Deutsche Bank Americas Holding Corp.*, 2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017) *leave to appeal denied*, 2017 WL 6506349 (2d Cir. Dec. 19, 2017); *Sims v. BB&T Corp.*, 2017 WL 3730552 (M.D.N.C. Aug. 28, 2017); *Wildman v. Am. Century Servs., LLC*, 2017 WL 6045487 (W.D. Mo. Dec. 6, 2017); *Cryer v. Franklin Templeton Res., Inc.*, 2017 WL 4023149 (N.D. Cal. July 26, 2017); *Rozo v. Principal Life Ins. Co*., 2017 WL 2292834 (S.D. Iowa May 12, 2017); *Brotherston v. Putnam Investments, LLC*, No. 1:15-cv-13825, ECF No. 88 (D. Mass. Dec. 13, 2016) (text order); *Krueger*, 304 F.R.D. 559; *Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59 (M.D.N.C. 2008); *Tussey v. ABB, Inc.*, 2007 WL 4289694 (W.D. Mo. Dec. 3, 2007).

[3] *See Williams v. Centerra Group, LLC,* No. 1:20-cv-04220, ECF No. 247 (D.S.C. Dec. 23, 2023) (granting certification after defendants stipulated to class certification in case involving a 3(38) manager and plan sponsor); *Mills v. Molina Healthcare, Inc.,* No. 2:22-cv-01813, ECF No. 127 (C.D. Cal. Jan. 17, 2023) (defendants stipulating to class certification in case involving a 3(38) manager and plan sponsor); *Berry v. FirstGroup Am., Inc.*, No. 1:18-cv-00326, ECF No. 83 (S.D. Ohio Mar. 16, 2022) (same); *Reetz v. Lowe's Cos.*, No. 5:18-cv-00075, ECF No. 94 (W.D.N.C. Oct. 28, 2020) (same) *Pledger v. Reliance Tr. Co.*, No. 1:15-cv-4444, ECF No. 101 (N.D. Ga. Nov. 7, 2017) (same); *see also Binder v. PPL Corporation*, No. 5:22-cv-00133, ECF No. 82 (E.D. Pa. Mar. 13, 2024) (ERISA breach of fiduciary duty case in which defendants stipulated to certification); *Chong v. KPMG, LLP*, No. 2:21-cv-19330, ECF No. 101 (D.N.J. October 11, 2023) (same); *Snyder v. UnitedHealth Group, Inc.,* No. 21-1049, ECF No. 134 (D. Minn. Mar. 27, 2023) (same); *Silva v. Evonik Co.,* No. 2:20-cv-02202, ECF No. 71 (D. N.J. Dec. 13, 2022) (same); *Wehner v. Genentech, Inc.*, ECF No. 3:20-cv-06894-RS, ECF No. 98 (N.D. Cal. Sept. 22, 2022) (same); *In re Medstar ERISA Litig*., No. 1:20-cv-01984-DLB, ECF 64 (D.Md. July 12, 2022) (same); *Velazquez v. Mass. Fin. Srvs. LLC*, No. 1:17-cv-11249, ECF No. 94 (D. Mass. June 25, 2019) (same); *Cunningham v. Wawa, Inc.*, 387 F.Supp. 3d 529, 537-38 (E.D. Pa. 2019) (same); *Moitoso v. FMR LLC*, No. 1:18-cv-12122, ECF No. 83 (D. Mass. May 7, 2019) (same); *Feinberg v. T. Rowe Price Group, Inc.*, No. 1:17-cv-00427, ECF No. 83 (D. Md. May 17, 2019) (same); *Cates v. The Trustees of Columbia University in the City of New York et. al,*, No. 1:16-CV-06524, ECF No. 195 (S.D.N.Y. Sept. 28, 2018) (same); *accord Baker v. John Hancock Life Ins. Co.*, No. 1:20-cv-10397, ECF No. 53 at 1 (D. Mass. Feb. 12, 2021) (defendants did not oppose

As discussed below: (1) the class is also so numerous as to make joinder of all members impractical; (2) Plaintiff is typical of Plan participants; (3) there are common issues regarding Defendants' management of the Plan's investment menu; and (4) Plaintiff has retained experienced class counsel and has no known conflicts with the class. Further, class certification under Rule 23(b)(1) is necessary to: (A) avoid creating incompatible standards of conduct for Defendants with respect to the management of the Plan; and (B) protect the interests of absent class members, since adjudication of the claims on an individual basis would, as a practical matter, be dispositive of the interests of other class members (or, at the very least, substantially impair or impede their ability to bring separate claims). Thus, Plaintiff respectfully requests that this Court grant the motion for class certification.

## BACKGROUND[4]

### I.    The Plan and Its Participants

The Plan is a "defined contribution plan" for purposes of ERISA. *Am. Compl* ¶ *16*. The Plan's participants include current and former employees of Royal Caribbean Cruises Ltd. ("Royal Caribbean"). *Id.* ¶ *17.* As of the end of 2019, the Plan had more than 7,000 participants and $500 million in assets. *Id.* ¶ *18.*

Royal Caribbean Cruises Ltd. is the Plan's sponsor and retains ultimate discretion and control over the Plan's investments, including appointing and monitoring the Committee ("Committee"). *See Specht Decl. Ex. 2 at RC_0000104.* The Committee and its members are

---

class certification); *Mattson*, No. 22-0037-TSZ, ECF No. 106 at p. 8 (defendants stipulating to numerosity, commonality, and certification under Rule 23(b)(1) as appropriate but contesting typicality and adequacy due to the existence of an arbitration clause).

[4] Discovery is ongoing and the record will continue to be supplemented through depositions, document productions, and expert discovery. Plaintiff provides a high-level overview of relevant facts revealed to date.

responsible for selecting, monitoring, and removing the Plan's investments and/or selecting, monitoring, and removing the Plan's investment advisors. *Id. at RC_0000105.*

Russell offers consulting and discretionary investment management services in which it takes control of the Plan's investment menu as an ERISA 3(38) fiduciary. *See ECF No. 31-1; see also* 29 U.S.C. § 1002(38) (defining an "investment manager" for purposes of ERISA). Royal Caribbean and the Committee are parties to and signed the Investment Management Agreement hiring Russell as the Plan's 3(38) fiduciary investment manager. *See ECF No. 31-1.* As the Plan's investment manager, Russell had discretion over the Plan's investments.

Plaintiff Ann Johnson ("Plaintiff") participated in the Plan from around 2018 to 2020. *Declaration of Ann Johnson ("Johnson Decl.") ¶ 2 Id. ¶ 2.* Plaintiff invested in Russell's proprietary funds, including the Russell TDFs. *Id ¶ 3.* At all times during the proposed Class Period, Plaintiff was invested in Russell Funds and was not offered any options unaffiliated with Russell. *Id. ¶ 3.*

## II.   Royal Caribbean's Flawed RFP Process Overlooked Russell's Blatant Self-Interest

The Royal Caribbean Defendants hired Russell as the Plan's 3(38) investment manager in September of 2015. *ECF No. 31-1.*



*Specht Decl. Ex. 3 at 37:25-40:20.* At that time,

.[5] *Id.*

█████████████████████████████████. *Id.* ████████████████████████████

█████████████████████████████████████████████████. *Specht Decl. Ex. 4 at 1413.*

████████████████████████████████████████████████████

███████████████████████████████████████████████████. *See Specht*

*Decl. Ex. 5* (█████████████████████). At that time, the Plan's investment menu included

popular options utilized by many large retirement plans, including industry-leading target-date-

funds managed by Vanguard (the "Vanguard TDFs"). *See Am. Compl ¶ 28.* ███████████████

████████████████████████████████████████████████████████████████████.

*Specht Decl. Ex. 1 at 50, 53.* ██████████████████████████████

████████████████████████ *id. at 66,* ███████████████████████

█████████████████████████████ *id. at 125.*

The Royal Caribbean Defendants ████████████████████████████████

████████████████████████████████████████████████. *See Specht Decl. Ex.*

*5.* █████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████ *Id.* ███████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████ *Id.* █████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████ *Id. at 310.* █████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████  *See ECF*

*No. 31-1.*

### III.  The Russell Funds were an Immediate Flop that Cost the Plan Millions of Dollars

In the first quarterly Committee meeting after the Russell Funds were retained by the Plan,

████████████████████████████████████████████████████

███████████████████████████████. *See Specht Decl. Ex. 4.* ████████████████

████████████████████████████████████████████████████

███████████████████████████████████[6] *Id. at 1415-16.*

Instead, █████████████████████████████████████████████████

████████████████████████████████████. *Id. at 1415, 1445.*

Still ████████████████████████████████████████████████████

████████████████████████████████████████ *Specht Decl. Ex 6 at*

*166.* Royal Caribbean ██████████████████████████████████████

████████████████████████████. *Id.* But Royal Caribbean ████████████

████████████████████████████████████████████████████

██████████████████████████████. *Id. at 165.*

At the next quarterly meeting, ████████████████████████████████.

*Specht Decl. Ex. 7.* █████████████████████████████████████

████████████████████████████. *Id. at 1773.* This ████████████████

---

[6] ████████████████████████████████████████████████████

██████████████████████████████.



████████████████████████████████████████████████ *Specht*
*Decl. Ex. 6 at 166.* ████████████████████████████████
████████████████████████████████████████ *Specht Decl.*
*Ex. 7 at 1877.* ████████████████████████████████████
██████████████████████████ *Id.*

Specht Decl. Ex. 7 at 1773, 1877.[8]

---



## IV.   Royal Caribbean Terminated Russell and Removed the Russell Funds ███

As the Russell TDFs continued to underperform, ████████████████████████

████████████████████████████████████ *See Specht Decl. Ex. 8.* ███



████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████ *Id. at 367*

████████████████████████████████████████████████████

███████████████████████████████████ . *Id. at 370.* ███████

████████████████████████████████████████████████████

█████████████████████████████████ *Id.*

████████████████████████████████████████████████████

███████████████████████████████████ . *Id. at 375.* ███████

████████████████████████████████████████████████████

██████████████████████████ *Id. at 380.*

████████████████████████████████████████████████████

████████████████ . *See Specht Decl. Ex. 9.* ███████

████████████████████████████████████████████████████

████████████████████████████████████ . *Id.* ███████

███████████████████████████ . *Id. at 191.*

## V.   Procedural History

Plaintiff filed this action in the Western District of Washington on June 7, 2021. *ECF No.*

*1.* After meeting and conferring with Russell, Plaintiff filed an Amended Complaint on August 30,

2021, that substituted Russell for a different Russell affiliate and added the Royal Caribbean Defendants. *See ECF No. 28* (stipulation regarding amended complaint); *ECF No. 31* (Amended Complaint). On March 15, 2022, the Court transferred the case to the Southern District of Florida, which requires exhaustion of administrative remedies before proceeding in federal court. *ECF No. 68*. On June 30, 2022, the Court granted the parties' request to stay all case deadlines while Plaintiff exhausted administrative remedies. *ECF No. 95*.

After all parties agreed that Plaintiff had exhausted administrative remedies, *ECF No. 105*, the Court ordered that Defendants answer or otherwise respond to the Amended Complaint. *ECF No. 108*. Defendants answered the Amended Complaint on April 19, 2023. *ECF Nos. 109, 110*. After serving and responding to written discovery, the parties agreed to stay the case pending mediation. *ECF No. 130*. The parties did not reach an agreement at the mediation, and the Court re-opened the case on December 20, 2023. *ECF No. 134*.

## VI.    Nature of Action and Scope of the Proposed Class

Plaintiff brings this action on behalf of the Plan pursuant to 29 U.S.C. § 1132(a), to recover losses to the Plan under 29 U.S.C. § 1109(a). *See Am. Compl.* Plaintiff seeks to represent the following class:

> All participants and beneficiaries of the Royal Caribbean Cruises, Ltd. Retirement Savings Plan at any time from October 1, 2015 to the date Russell was removed as the Plan's investment manager.

*Id. ¶ 60.*

## <u>ARGUMENT</u>

## I.    Legal Standard for Class Certification

"'The district court has broad discretion in determining whether to certify a class.'" *Pizarro*, 2020 WL 6939810, at *3 (quoting *Monroe Cty. Emps.' Ret. Sys. V. S. Co.*, 332 F.R.D. 370, 377 (N.D. Ga. 2019) (quoting *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d

1566, 1569 (11th Cir. 1992))). Either way, the Court must conduct a "'rigorous analysis'" to determine whether Plaintiff meets the requirements of Rule 23. *Henderson*, 2018 WL 6332343, at *2 (quoting *Ge. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982)). At this stage, the Court may consider the merits "to the extent—but only to the extent—that they are relevant" to the class certification analysis. *Id*. at *3 (quoting *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013)). The Court should "resolve[] any doubt in favor of class certification." *In re Carbon Dioxide Antitrust Litig.*, 149 F.R.D. 229, 232 (M.D. Fla. 1993).

## II.     The Proposed Class Meets All Requirements for Certification

### A.     The Proposed Class Satisfies the Requirements of Rule 23(a)

The four requirements applicable to all class actions are outlined in Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Amchem Prod., Inc. v. Windsor*, 117 S. Ct. 2231, 2245 (1997); Fed. R. Civ. P. 23(a). Courts in the Eleventh Circuit also require the class to be ascertainable. *Henderson*, 2018 WL 6332343, at *4. All criteria are easily satisfied here.

#### 1.     Numerosity and Ascertainability

Numerosity requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "The Eleventh Circuit has indicated that having more than forty class members is generally enough to satisfy the numerosity requirement." *Huang*, 2022 WL 13631836, at *6 (M.D. Fla. Oct. 21, 2022) (citing *Cox v. am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). The Plan had over 7,000 participants, easily satisfying this requirement. *See Am. Compl. ¶ 18*. Further, the class is ascertainable, as all Plan participants can easily be identified through the Plan's records. *See Henderson*, 2018 WL 6332343, at *5 (finding similar class definition satisfying ascertainability requirement).

2.      **Commonality**

Commonality requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is meant to be a "low hurdle[.]" *Williams v. Mohawk Indus.*, 568 F.3d 1350, 1356 (11th Cir. 2009). It "'does not require that all questions of law and fact raised by the dispute be common or that common questions of law or fact predominate over individual issues." *Huang*, 2022 WL 13631836, at *6 (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009)). Nor is commonality affected by "some factual variations among class members." *Id.* (citing *Armstead v. Pingree*, 629 F. Supp. 273, 280 (M.D. Fla. 1986)). Instead, commonality is satisfied where "there is at least one common question, the resolution of which 'will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Pizarro*, 2020 WL 6939810, at *8 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 550 (2011)).

Plaintiff's claims easily meet the commonality requirement because all participants were subject to the same common course of conduct from Defendants. Here, "the common contention is that 'the investment lineup made available to all participants violated ERISA.'" *Cunningham*, 2019 WL 275827, at *5 (quoting *Moreno*, 2017 WL 3868803, at *5). "With respect to a defined-contribution plan like [the Plan], fund participants operate against a common background and allegations that a fiduciary has breached its duties in the selection of investment options describe a problem that operates across the plan rather than at the individual level." *Wachala*, 2022 WL 408108, at *5. In this scenario, there are numerous common questions that can be resolved uniformly by analyzing Defendants' conduct, including:

> (1) whether the defendants are fiduciaries to the Plan[]; (2) whether the defendants breached their fiduciary duties; (3) whether the Plan[] suffered losses; (4) how to calculate those losses (if any); and (5) what relief is appropriate.

*Henderson,* 2018 WL 6332343, at *5 (citing *Krueger*, 304 F.R.D. at 572); *see also Pizarro,* 2020 WL 6939810, at 10 (identifying similar common questions in ERISA breach of fiduciary duty case); *Wachala,* 2022 WL 408108, at *5 (same); *Lauderdale,* 2022 WL 1599916, at *5 (same); *Falberg*, 2022 WL 538146, at *7 (same).

Moreover, ERISA's 'prudent man' standard is an objective one that focuses on the fiduciary, not a subjective one that focus on the beneficiaries' beliefs." *Pizarro*, 2020 WL 69390810, at *9 (citing 29 U.S.C. 1104(a)); *Fuller v. SunTrust Banks, Inc.*, 2019 WL 5448206, at *24 (N.D. Ga. Oct. 3, 2019) ("Courts evaluate alleged breaches of the duty of prudence using an objective standard and focusing on whether the fiduciary employed appropriate methods to reach an investment decision under the prevailing circumstances."); *Pledger*, 240 F. Supp. 3d at 1326 ("Under this objective standard, whether an ERISA's fiduciary investment decisions is improvident depends on what a prudent man in like circumstances would do."); *see also Tracey*, 404 F. Supp. 3d at 361 ("The 'prudent person' standard is an objective standard which focuses not on the results of an investment strategy but on the fiduciary's decision making process."). The Supreme Court has held that questions that can be resolved by reference to an "objective standard" are "common to all members of the class" and satisfy the commonality requirement. *Amgen, Inc*, 568 U.S. at 459–60. Accordingly, commonality is satisfied.

### 3.   Typicality

Typicality requires that "'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" Fed. R. Civ. P. 23(a)(3). "'The commonality and typicality requirements of Rule 23(a) tend to merge.'" *Pizarro*, 2020 WL 6939810, at *10 (quoting *Ge. Tel. Co. of the Sw. Falcon*, 457 U.S. 147, 157 n.13 (1982)). Like commonality, typicality does not require Plaintiff's claims to "be identical to the proposed class[.]" *Henderson*, 2018 WL 633243,

at *5 (N.D. Ga. Sept. 13, 2018) (citing *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)); *see also Boley v. Universal Health Servs., Inc.*, 36 F.4th 124, 134 (3d Cir. 2022) ("That is not to say there are no factual differences" between Plaintiff and any participants). Typicality is satisfied where "the named plaintiffs' claims 'arise from the same event or pattern or practice and are based on the same legal theory' as the claims of the class." *In Re Suntrust Banks ERISA Litig.*, 2016 WL 4377131, at *6 (quoting *Belton v. Georgia*, 2011 WL 925565, at *5 (N.D. Ga. Mar. 14, 2011); *Kornberg* 741 F.2d at 1337).

Like commonality, "there is little doubt that a class representative's breach of fiduciary duty claim is in every respect typical of those of his fellow class members." *Shirk v. Fifth Third Bancorp*, 2008 WL 4425535, at *3 (S.D. Ohio Sept. 30, 2008). Put simply, "the allegations of the complaint are based on alleged duties and relief owed to the Plan as a whole." *Henderson*, 2018 WL 633243, at *9; *see also Lauderdale*, 2022 WL 1599916, at *6 (§ 502(a)(2) claims concern "a set of decisions made by the Defendants regarding investments and Plan administration"). These decisions include Russell's decision to ███████████ retain the Russell Funds, the Royal Caribbean Defendants' decision to hire Russell ███████████, Defendants' failure to appropriately monitor the Russell Funds, and the Royal Caribbean Defendants' failure to monitor Russell. *See Huang*, 2022 WL 13631836, at *8 (identifying similar conduct as meeting the typicality requirement); *see also Boley,* 36 F.4th at 134-35 (same); *Clark*, 2018 WL 1801946, at 3 (same); *Sims*, 2017 WL 3730552, at *4 (same). These allegations consider Defendants' conduct and affected all participants.[9] Accordingly, typicality is satisfied.

---

[9] To the extent some Russell Funds performed worse than others, this is irrelevant because "[e]ach participant's potential recovery, regardless of the fund in which he or she invested, is under the same legal theory – [Defendants'] breach of its fiduciary duty under ERISA in managing the Plan's investment options." *Id*; *see also Munro* 2019 WL 7842551, at *5 (collecting cases) (Plaintiff "[is] alleging injury to the Plan[], and their claims are therefore identical to those of all putative class

4.      **Adequacy**

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy depends on "'(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action.'" *Pizarro*, 2020 WL 6939810, at *10 (quoting *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003)). Plaintiff satisfies both factors.

First, "[b]ecause Plaintiff challenges the Plan's process as it pertained to all participants, and because damages will inure to the Plan, there is no intra-class conflict." *Falberg*, 2022 WL 538146, at *9; *see also Hurtado*, 2019 WL 1771797 at *8 ("Plaintiff['s] interest in" pursuing recovery on behalf of the Plan "is coextensive with the interests of proposed class members."). Additionally, Plaintiff has affirmed that she is unaware of any conflicts with the class and will continue to represent class members in this litigation. *See Johnson Decl. ¶¶5-8.*

Plaintiff will also adequately prosecute the action. "Whether the named plaintiff[] will prosecute the action with sufficient vigor generally turns on 'whether plaintiffs' counsel are qualified, experienced, and generally able to conduct, the proposed litigation.'" *Henderson*, 2018 WL 6332343, at *6 (quoting *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987)). Here, "[t]here is no question that [Nichols Kaster] is well-qualified to bring an ERISA

---

members and implicate identical injuries and course of conduct. Said differently, there was only one course of conduct that occurred: Defendants' management of the Plan[]…Courts have overwhelmingly found typicality satisfied in similar circumstances." 2019 WL 7842551, at *5 (collecting cases); *Falberg*, 2022 WL 538146, at *9 (certifying class where "Plaintiff challenges the Plan's process as it pertained to all participants, and [] damages will inure to the Plan[.]"); *Mattson*, No. 22-0037-TSZ, ECF No. 106 at 8 ("Although Plaintiff and the unnamed class members might each have suffered different degrees of harm from Defendants' alleged breaches, the allegation that the harms arose from the same set of policies and practices satisfies typicality.") (citation omitted).

class action." *Waldner v. Natixis Inv. Managers, L.P.*, 2023 WL 3466272, at *18 (D. Mass. Mar. 24, 2023), *report and recommendation adopted*, 2023 WL 3467112 (D. Mass. May 15, 2023). Nichols Kaster, PLLP is "one of the relatively few firms in the country that has the experience and skills necessary to successfully litigate a complex ERISA action such as this." *Karpik v. Huntington Bancshares Inc.*, 2021 WL 757123, at *9 (S.D. Ohio Feb. 21, 2021); *see also Falberg*, 2022 WL 538146, at *12 (the attorneys at Nichols Kaster "have a great deal of experience in handling class actions, particularly in cases alleging breach of fiduciary duty."). Counsel is clearly able to adequately represent the class.

Moreover, Plaintiff detailed her own participation in this litigation to date, including meeting with counsel both in person and over the phone to stay informed about the case, responding to discovery requests, and gathering and producing documents. *See Johnson Decl.* ¶¶5-8. This conduct even further proves her "willingness to pursue the case vigorously." *Pizarro*, 2020 WL 6939810, at 11 (crediting similar declaration as proof of adequacy); *see also Huang*, 2022 WL 13631836, at *9 (same); *Henderson*, 2018 WL 6332343, at *7 (same). Accordingly, adequacy is satisfied.

### B.     The Proposed Class Also Satisfies Rule 23(b)

Under Rule 23(b)(1), a class may be certified if prosecution of separate actions by individual class members would create a risk of:

(A)     inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B)     adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]

Fed. R. Civ. P. 23(b)(1). "In light of the derivative nature of ERISA [Section] 502(a)(2) claims, breach of fiduciary duty claims brought under [Section] 502(a)(2) are paradigmatic examples of

17

claims appropriate for certification as a Rule 23(b)(1) class, as numerous courts have held." *Henderson*, 2018 WL 6332343, at *9; *see also Pizarro*, 2020 WL 6939810, at *11 ("Courts in the Eleventh Circuit…have found certification under Rule 23(b)(1) particularly appropriate in an ERISA fiduciary breach case, like the case here) (collecting cases); *Boley*, 256 F.4th at 136 ("ERISA breach of fiduciary duty claims brought under § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class.") (internal quotations and citation omitted).

Where appropriate, ERISA classes may be certified "under both (b)(1)(A) and (b)(1)(B) simultaneously." 2 Newberg and Rubenstein on Class Actions § 4:12 (6th ed.) (collecting cases). Here, "considering the derivative nature of the suit and the fact that Plaintiff challenges procedures and practices common to the entire Plan, certification under Rule 23(b)(1) is appropriate." *Falberg*, 2022 WL 538146, at *11.[10]

### 1.    Rule 23(b)(1)(A) is Satisfied Because Individual Adjudications Would Establish Incompatible Standards of Conduct for Defendants

"The advisory comments to Rule 23(b)(1)(A) note that certification is appropriate where defendants owe 'duties toward[] numerous persons constituting a class,' such that 'conflicting or varying adjudications in lawsuits with individual members of the class might establish incompatible standards to govern [their] conduct." *Pizarro*, 2020 WL 6939810, at *12 (quoting Fed. R. Civ. P. 23 Advisory Committee's Note to 1966 amendment, sub. (b)(1)(A)). The analysis here is simple because ERISA's fiduciary duties are  "duties with respect to a plan" and intended to protect the "interest of the participants and beneficiaries" collectively. *See* 29 U.S.C. § 1104. In sum, "Defendants owed the same fiduciary dut[ies] to all class members. Therefore, certification

---

[10] Plaintiff's claims also meet the requirements of Rule 23(b)(3). However, because certification is appropriate under Rule 23(b)(1), analysis of Rule 23(b)(3) is not necessary here.

under 23(b)(1)(a) [is] appropriate." *Huang*, 2022 WL 13631836, at *10.

More specifically, "requiring or allowing thousands of individual class members to separately pursue individual ERISA actions would risk varying results in adjudications over whether Defendants breached their fiduciary duties, how to measure the Plan losses, and what relief is warranted." *Pizarro*, 2020 WL 6939810, at *12 (citing *In re Ikon Office Sols., Inc.*, 191 F.R.D. 457, 466 (E.D. Pa. 2000)); *see also Harmon*, 2023 WL 5758889, at *8 ("[a]llowing thousands of individuals to pursue separate actions on behalf of the Plan could result in varying adjudications on numerous issues, resulting in conflicting and incompatible standards of conduct[.]"). Defendants could also be required to manage the Plan in a certain manner, choose certain types of investments, or remove certain fiduciaries from their roles. This risk that courts could disagree and "order[] incompatible forms of relief is 'of the variety that Rule 23(b)(1)(A) was designed to address.'" *Lauderdale*, 2022 WL 15999916, at *7 (quoting *Tibble v, Edison Intern*, 2009 WL 6764541, at *9 (C.D. Cal. June 30, 2009)). Thus, certification is appropriate under Rule 23(b)(1)(A).

### 2.   Rule 23(b)(1)(B) is Satisfied Because, as a Practical Matter, Individual Adjudications Would Be Dispositive of the Interests of Other Class Members

Class certification is also appropriate under Rule 23(b)(1)(B). "Rule 23(b)(1)(B) 'is concerned only with the rights of unnamed class members, not with the rights of [the defendants].'" *Hurtado*, 2019 WL 1771797, at *10 (quoting *McDonnell-Douglas Corp. v. U.S. Dist. Court for Central Distr. of Cal.*, 523 F.2d 1083, 1086 (9th Cir. 1975)). "'A classic case of certification under Rule 23(b)(1)(B) includes 'actions charging a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of beneficiaries, requiring an accounting or similar procedure to restore the subject of the trust.'" *Huang*, 2022 WL 13631836, at *10 (quoting *Pizarrro*, 2020 WL 6939810, at *13 (citing *Ortiz v. Fireboard Corp.*, 527 U.S. 815, 834

(1999); Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note to 1966 Amendment (instructing that certification under Rule 23(b)(1)(B) is appropriate where plaintiff alleges breach of fiduciary duty affecting the members of a large class of security holders or other beneficiaries)). "Further, courts in the Eleventh Circuit have certified ERISA fiduciary breach cases under Rule 23(b)(1)." *Id.* (citing *Pizarro*, 2020 WL 6939810, at *12-15; *Henderson*, 2018 WL 6332343, at *9-10; *Fuller*, 2018 WL 3949698, at *7-8; *In re Suntrust Banks, Inc. ERISA Litig.*, 2016 WL 4377131, at *5-8.

The Court should reach the same result here. "[B]ecause the fiduciary claims are brought on behalf of the Plan[], individual adjudication would necessarily affect – or be 'dispositive of the interests of' – plan participants absent from that individual action, or otherwise 'would substantially impair or impede their ability to protect their interests' as participants in the Plan[]." *Henderson*, 2018 WL 6332343, at *10 (quoting Fed. R. Civ. P. 23(b)(1)(B); *Clark*, 2018 WL 1801946, at *9; *Krueger*, 304 F.R.D. at 576-77). For example, Defendants would be required to restore the Plan to the position it would have been in but for Defendants' fiduciary breaches, which could prevent other participants from asserting their rights under the Plan. "In light of [their] derivative nature…breach of fiduciary duty claims brought under § 502(a)(2) are paradigmatic examples of claims appropriate for certification." *In re SunTrust Banks, Inc. ERISA Litig.*, 2016 WL 4377131, at *8 (citations and internal quotations omitted). Consistent with this overwhelming weight of authority, class certification should be granted under Rule 23(b)(1)(B).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Class Certification should be granted.


Dated: March 22, 2024                    Respectfully submitted,

                                         **WENZEL, FENTON, CABASSA, P.A**.
                                         s/ Brandon J. Hill
                                         **BRANDON J. HILL**

20

Florida Bar Number: 0037061
Direct Dial: 813-337-7992
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
bhill@wfclaw.com

**NICHOLS KASTER, PLLP**
Paul J. Lukas, MN No. 022084X*
Brock J. Specht, MN No. 0388343*
Ben Bauer, MN No. 0398853*
*pro hac vice applications forthcoming*
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-338-4878
lukas@nka.com
bspecht@nka.com
bbauer@nka.com


ATTORNEYS FOR PLAINTIFF

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on 22nd day of March, 2024, I electronically filed the foregoing document via CM/ECF, which caused a true and correct copy to be served electronically upon all entitled parties.

<u>/s/ Brandon J. Hill</u>
Brandon J. Hill
