**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 1:22-cv-21735-RNS**

ANN JOHNSON, AS THE REPRESENTATIVE
OF A CLASS OF SIMILARLY SITUATED
PERSONS, AND ON BEHALF OF THE
ROYAL CARIBBEAN CRUISES LTD.
RETIREMENT SAVINGS PLAN,

      Plaintiff,

v.

RUSSELL INVESTMENTS TRUST
COMPANY (F/K/A RUSSELL TRUST
COMPANY, ROYAL CARIBBEAN
CRUISES LTD., AND ROYAL
CARIBBEAN CRUISES LTD.
INVESTMENT COMMITTEE

      Defendants.

_____/

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS**
**CERTIFICATION**

Before the Court is Plaintiff's Motion for Class Certification. ECF No. 152. Defendants do

not oppose the Motion for Class Certification. ECF No. 158. The Court has carefully considered

the submissions of the parties and the record in this action and finds that:

The proposed class is sufficiently numerous and ascertainable. The Plan had over 7,000

participants during the relevant period and class members can be identified through the Plan's

records.

There are one or more common questions that can be resolved uniformly in this case,

including whether the defendants are fiduciaries, whether they breached their fiduciary duties, and

whether the Plan suffered losses.

The claims are typical of the proposed class because they center on the defendants' uniform conduct towards participants and arise from the same pattern or practice, including the management of the Plan's investments, the decision to hire Russell, and the retention of the Russell Funds.

Plaintiff and class counsel will adequately represent the interests of the class. Plaintiff has participated in this action thus far by providing documents, communicating with counsel about the progress of the case, and sitting for a deposition. Plaintiff is unaware of any conflicts between herself and the proposed class. Class counsel has significant experience in litigating ERISA class action cases such as this one and will adequately represent the class.

Certification under Rule 23(b)(1) is appropriate. Rule 23(b)(1)(A) is satisfied because Defendants owe uniform fiduciary duties to the class as a whole, and conflicting or varying adjudications in various lawsuits may establish incompatible standards for managing the Plan. Rule 23(b)(1)(B) is also satisfied because fiduciary breach claims are brought on behalf of the Plan as a whole, and adjudication of Plan-wide relief may prevent participants from asserting their rights under the Plan.

Based on the foregoing, the Court finds that the requirements of Fed. R. Civ. P. 23(a) have been satisfied with respect to Plaintiff's proposed class, and that certification is appropriate under both Rule 23(b)(1)(A) and Rule 23(b)(1)(B).

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Class Certification is GRANTED in its entirety.

2. The following Class is hereby certified under Federal Rule of Civil Procedure 23:

> All participants and beneficiaries of the Royal Caribbean Cruises, Ltd. Retirement Savings Plan at any time from October 1, 2015 to the date Russell was removed as the Plan's investment manager.

3. Plaintiff Ann Johnson is APPOINTED Class Representative.

4. Plaintiff's counsel is APPOINTED Class Counsel.


DONE AND ORDERED in Chambers at Miami, Florida, this _____ day
of _____, 2024.


_____

ROBERT N. SCOLA

United States District Judge