United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ann Johnson, as the representative of a class of similarly situated persons, and on behalf of Royal Caribbean Cruises Ltd Retirement Savings Plan, Plaintiff,<br><br>v.<br><br>Russell Investments Trust Company, fka Russell Trust Company and others, Defendants. | Civil Action No. 22-21735-Civ-Scola |

## Order Granting Motion for Class Certification

Plaintiff Ann Johnson, as the representative of a class of similarly situated persons, and on behalf of Royal Caribbean Cruises Ltd Retirement Savings Plan (the "Plan"), has moved for class certification. (Pl.'s Mot., ECF No. 152.) In response, Defendants Russell Investments Trust Company, formerly known as Russell Trust Company, Royal Caribbean Cruises Ltd., and Royal Caribbean Cruises Ltd. Investment Committee jointly advise that, after reviewing the motion, they are unopposed to class certification. (Defs.' Jt. Resp., ECF No. 158.) After careful review of the Plaintiff's briefing, the record, and the relevant legal authorities, and in light of the Defendants' lack of opposition, the Court **grants** the motion for class certification (**ECF No. 152**) for the reasons that follow.

First, as the Plaintiff has shown, the proposed class is sufficiently numerous and ascertainable. The Plan had over 7,000 participants during the relevant period and class members can be readily identified through the Plan's records. *See Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) ("[W]hile there is no fixed numerosity rule, generally [fewer] than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.") (cleaned up); *see also Henderson v. Emory U.*, No. 1:16-CV-2920-CAP, 2018 WL 6332343, at *4 (N.D. Ga. Sept. 13, 2018) (finding class members readily ascertainable where the "identification of [a plan's] members is administratively feasible via the [plan's] participant account records").

Second, there are one or more common questions that can be resolved uniformly in this case, including whether the Defendants are fiduciaries, whether they breached their fiduciary duties, and whether the Plan suffered losses. *See Pizarro v. Home Depot, Inc.*, No. 1:18-CV-01566-WMR, 2020 WL 6939810, at *8 (N.D. Ga. Sept. 21, 2020) ("The commonality requirement is

satisfied when there is at least one common question, the resolution of which 'will resolve an issue that is central to the validity of each one of the claims in one stroke.'") (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

Third, the claims are typical of the proposed class because they center on the Defendants' uniform conduct towards participants and arise from the same pattern or practice, including the management of the Plan's investments, the decision to hire Russell, and the retention of Russell's proprietary funds (the "Russel Funds"). *See In re Suntrust Banks, Inc. ERISA Litig.*, No. 1:08-CV-03384-RWS, 2016 WL 4377131, at *6 (N.D. Ga. Aug. 17, 2016) (finding that typicality "is satisfied where the named plaintiffs' claims arise from the same event or pattern or practice and are based on the same legal theory as the claims of the class") (cleaned up).

Next, the Plaintiff and class counsel will adequately represent the interests of the class. The Plaintiff has participated in this action thus far by providing documents, communicating with counsel about the progress of the case, and sitting for a deposition. Further, the Plaintiff is unaware of any conflicts between herself and the proposed class. And, lastly, there is no dispute that class counsel has significant experience in litigating ERISA class action cases such as this one and will adequately represent the class. *See Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (noting that the "adequacy of representation analysis encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action").

Finally, certification under Rule 23(b)(1) is also appropriate. Rule 23(b)(1)(A) is satisfied because the Defendants owe uniform fiduciary duties to the class as a whole, and conflicting or varying adjudications in various lawsuits could establish incompatible standards for the Defendants' managing of the Plan. *See Pizarro*, 2020 WL 6939810 at *12 (noting that "requiring or allowing thousands of individual class members separately to pursue individual ERISA actions would risk varying results in adjudications over whether Defendants breached their fiduciary duties, how to measure the Plan losses, and what relief is warranted"). Additionally, Rule 23(b)(1)(B) is also satisfied because fiduciary breach claims are brought on behalf of the Plan as a whole, and adjudication of Plan-wide relief, in an individual suit, may prevent other participants from asserting their rights under the Plan. *See Huang v. TriNet HR III, Inc.*, No. 8:20-CV-2293-VMC-TGW, 2022 WL 13631836, at *10 (M.D. Fla. Oct. 21, 2022) ("A classic case of certification under Rule 23(b)(1)(B) includes actions charging a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of beneficiaries, requiring an accounting or similar procedure to restore the subject of the trust.'") (cleaned up).

Based on the foregoing, the Court finds that the requirements of Fed. R. Civ. P. 23(a) have been satisfied with respect to the Plaintiff's proposed class, and that certification is appropriate under both Rule 23(b)(1)(A) and Rule 23(b)(1)(B).

Accordingly, the Court **grants** the Plaintiff's motion for class certification (**ECF No. 152**) and orders as follows:

1. The following Class is hereby certified under Federal Rule of Civil Procedure 23:

    *All participants and beneficiaries of the Royal Caribbean Cruises, Ltd. Retirement Savings Plan at any time from October 1, 2015, to the date Russell was removed as the Plan's investment manager.*

2. The Court **appoints** Plaintiff Ann Johnson as Class Representative.

3. The Court **appoints** Johnson's counsel as Class Counsel.

**Done and ordered** in Miami, Florida, on August 1, 2024.

Robert N. Scola, Jr.
United States District Judge