**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| ANN JOHNSON, AS THE REPRESENTATIVE OF A CLASS OF SIMILARLY SITUATED PERSONS, AND ON BEHALF OF THE ROYAL CARIBBEAN CRUISES LTD. RETIREMENT SAVINGS PLAN,<br><br>      Plaintiff,<br><br>      v.<br><br>RUSSELL INVESTMENTS TRUST COMPANY (F/K/A RUSSELL TRUST COMPANY), ROYAL CARIBBEAN CRUISES LTD., AND ROYAL CARIBBEAN CRUISES LTD. INVESTMENT COMMITTEE,<br><br>      Defendants. | Case No. 1:22-cv-21735-RNS |

**DEFENDANT RUSSELL INVESTMENTS TRUST COMPANY'S**
**REPLY IN SUPPORT OF ITS MOTION TO TAX COSTS UNDER 28 U.S.C. § 1920**

Defendant Russell Investments Trust Company ("Russell") hereby submits this reply memorandum of law in support of its motion to tax costs under 28 U.S.C. § 1920 ("Motion" or "Mot.," ECF No. 278) and accompanying Bill of Costs (Ex. 1, ECF No. 278-1 (Bill of Costs)).

## MEMORANDUM OF LAW

## INTRODUCTION

As set forth in its Motion, Russell is entitled to recover from Plaintiff Ann Johnson ("Plaintiff") costs in the amount of $25,215.45, which includes fees for deposition transcripts, exhibits used in depositions noticed by Plaintiff, and video recordings of depositions of Plaintiff's witnesses. On March 17, 2025, Plaintiff filed her objections ("Objections" or "Obj.," ECF No. 281) to Russell's Motion. Plaintiff does not dispute that Russell is entitled to deposition transcript costs totaling $13,916.70, but objects to Russell's requests for costs of deposition exhibits and video recordings of depositions. Obj. 2. However, as the losing party, Plaintiff "bears the burden of demonstrating that a cost is not taxable," which she has failed to do here. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009). Instead, Russell has established that each of the requested costs was "necessarily obtained for use in the case," as required under 28 U.S.C. § 1920(2), and should therefore be reimbursed. Accordingly, the Court should reject Plaintiff's Objections in their entirety, and award Russell costs for the amount of $25,215.45 as requested in its Bill of Costs. Ex. 1, ECF No. 278-1 (Bill of Costs).

## ARGUMENT

**I.   RUSSELL IS ENTITLED TO RECOVER COSTS FOR DEPOSITION EXHIBITS.**

Plaintiff challenges Russell's request for the costs of obtaining copies of exhibits used at the 13 depositions noticed and taken by Plaintiff, contending that Russell did not explain why these exhibits were necessary and not merely incurred for the convenience of counsel. Obj. 5. Plaintiff's objections are baseless and should be overruled.

Russell has provided sufficient reasons for seeking deposition exhibit costs in the amount of $1,675.75, as permitted under 28 U.S.C. § 1920(2) because they were necessarily obtained for use in this case. Plaintiff does not dispute that Russell relied on or cited these exhibits in support of its motion for summary judgment (*see* ECF Nos. 178-180, 195-196), and Plaintiff likewise relied on or cited these exhibits in support of her opposition to Russell's motion for summary judgment (*see* ECF Nos. 185, 189, 190). Obj. 5. Further, all parties in this case, including Plaintiff herself, listed most, if not all, of these exhibits on their respective or joint exhibit lists

for trial. *See* ECF Nos. 250-4 (Russell Exhibit List), 250-2 (Plaintiff Exhibit List), 250-3 (Royal Caribbean Exhibit List), 250-5 (Joint Exhibit List). There is no genuine dispute that these exhibits were "necessarily obtained for use" in this case, not merely for the convenience of counsel. And courts in this Circuit routinely award deposition exhibit costs on these very grounds. *See, e.g.*, *Certain Underwriters at Lloyds of London v. Scents Corps.*, 2024 WL 4528794, at *3 (S.D. Fla. Oct. 1, 2024) (awarding deposition exhibit costs where "exhibits were used for summary judgment briefing and . . . the deposition exhibits were listed in the parties' exhibit lists"); *DeVito v. Palm Beach Cnty.*, 2024 WL 5152161, at *4 (S.D. Fla. Dec. 16, 2024) (awarding deposition exhibit costs where losing party relied on exhibits in support of motion for summary judgment and in opposition to prevailing party's motion for summary judgment); *Matamoros v. Broward Sheriff's Off.*, 2022 WL 484828, at *3 (S.D. Fla. Jan. 31, 2022) (awarding costs for exhibits used in deposition taken by the defendant, the prevailing party, where the copies were used in connection with defendant's summary judgment motion).

Additionally, Russell seeks costs for only those exhibits used in depositions noticed and taken by Plaintiff, which courts in this District typically award. *Matamoros*, 2022 WL 484828, at *3 ("In addition, '[c]osts for copies of deposition exhibits are taxable where the prevailing party was the non-deposing party.'" (quoting *Feise v. N. Broward Hosp. Dist.*, 2017 WL 3315144, at *4 (S.D. Fla. Aug. 3, 2017))); *Fernandez v. Seaboard Marine, Ltd.*, 2023 WL 2140476, at *3 (S.D. Fla. Feb. 2, 2023) (same).

Moreover, Russell joins the Royal Caribbean Defendants' argument that recovery of deposition exhibit costs is further warranted on the grounds that: (i) "the parties jointly marked [well over 100] deposition exhibits for identification"; (ii) "various versions of many of the documents [marked as exhibits] existed in multiple drafts and forms" in document productions; (iii) some deposition exhibits "were not already in Defendants' possession"[1]; (iv) "[t]he issues

---

[1] Plaintiff cites *Spatz v. Microtel Inns & Suites Franchising, Inc.* to argue that Russell failed to address "whether the party otherwise had access to the exhibits" and why it was necessary to obtain additional copies. Obj. at 5 (quoting *Spatz v. Microtel Inns & Suites Franchising, Inc.*, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012)). But in *Spatz*, the court denied the defendants' request for deposition costs, not because they "otherwise had access to the exhibits," but because they "made no effort to show that it was necessary, rather than simply convenient, for them to obtain copies of the deposition exhibits." *Spatz*, 2012 WL 1587663, at *6. Here, as discussed above, Russell has provided substantial reasons why obtaining deposition exhibits

2

raised in th[e] suit were complex, with [the] parties hiring numerous expert witnesses to testify on their behalf"; (v) "[t]he document production was voluminous" (here, over 50,000 documents); and (vi) a substantial number of witnesses were deposed (here, 17). ECF No. 283 at 4 (Royal Caribbean Reply (quoting *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2015 WL 11197752, at *4 (S.D. Fla. Dec. 29, 2015) and *Competitor Liaison Bureau, Inc. v. Cessna Aircraft Co.*, 2011 WL 5358548, at *4 (M.D. Fla. Oct. 17, 2011))); *see also Crouch v. Teledyne Cont'l Motors, Inc.*, 2013 WL 203408, at *9 (S.D. Ala. Jan. 17, 2013) (finding that costs of deposition exhibits were recoverable "[i]n view of the complex issues, the number of expert witnesses deposed, and the volume of documents produced").

As the exhibits were necessarily obtained for use in Russell's briefing on a dispositive motion and relied upon in anticipation of trial, recovery of the requested deposition exhibit costs in the amount of $1,675.75 is warranted.

## II. RUSSELL IS ENTITLED TO RECOVER COSTS FOR VIDEO RECORDINGS OF DEPOSITIONS.

Russell is entitled to recover $9,623.00 for the cost of video recording the depositions of Plaintiff Ann Johnson and Plaintiff's proffered experts, Mr. Donald C. Stone, Dr. Brian C. Becker, and Dr. Steve Pomerantz.[2] Plaintiff objects to Russell's request on the ground that the witnesses were all scheduled to testify in person at trial, and that Russell purportedly has not established why both the transcript and video recordings were necessary. But Russell has provided sound justification, and Plaintiff's objections should be overruled.

As an initial matter, Plaintiff does not dispute that she never objected to the use of video recording and transcription services when Russell noticed the depositions of Plaintiff and Plaintiff's experts. Obj. 5-7; Mot. 5; Ex. 3, ECF 278-3 (Notices of Deposition). In the Eleventh Circuit, "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other

---

were necessary, and not merely for counsel's convenience—all of which courts have held constitute sufficient grounds for awarding such costs.

[2] Plaintiff misleadingly states that Russell seeks costs for "five" depositions (Obj. 5-7), instead of four depositions, by double-counting Mr. Stone's deposition as two separate depositions because it took place across two days. However, this arrangement was made at the request of Plaintiff's counsel in order to accommodate Mr. Stone who currently resides in Spain. Plaintiff's counsel's email requesting this accommodation for Mr. Stone's deposition is attached hereto as **Exhibit 1**. *See also* ECF No. 283 at 6 (Royal Caribbean Reply).

party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996); *see also Suppa v. Costa Crociere, S.p.A.*, 2008 WL 4629078, at *2 (S.D. Fla. Oct. 17, 2008) (awarding video deposition costs where losing party did not object to videotaping deposition when the deposition was noticed); *Bianchi v. Bronson & Migliaccio, LLP*, 2011 WL 379115, at *8 (S.D. Fla. Feb. 2, 2011) (awarding video deposition costs where no objection was raised at the time the deposition was noticed and the deposition was of the defendant's corporate representative and therefore "was necessarily obtained for use in this case").

Plaintiff argues that recovery of these costs is unwarranted on the ground that "these witnesses were all scheduled to testify in person at trial." Obj. 6. But with respect to Plaintiff's experts, at the time their depositions were noticed, Plaintiff had not informed the parties as to whether her expert witnesses would testify in person at trial. And Russell had good reason to believe that they might not be available to testify in person. Each of Plaintiff's experts are out-of-state witnesses residing well outside the 100-mile radius of the Court's subpoena power, with Mr. Stone residing in Spain, Dr. Becker in Washington, D.C., and Dr. Pomerantz in New York. At the time their depositions were noticed, Russell could not be certain that any of them would testify at trial, and if any expert were unable to testify in person, Russell would have needed to show the videorecorded testimony at trial. *Castillo v. Roche Lab'ys, Inc.*, 2012 WL 381200, at *4 (S.D. Fla. Feb. 6, 2012) (awarding video deposition costs where witness "live[d] outside of the Court's subpoena power, and, that at the time of the deposition, it was unknown whether he would testify at trial"); *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 2016 WL 7325544, at *3 (M.D. Fla. Aug. 31, 2016) (awarding costs for videotaping deposition of witnesses who "resided outside of Florida, and it was unclear whether they would voluntarily appear at trial" even though two of the witnesses ultimately testified in person at trial). In fact, Mr. Stone did not testify in person, and instead testified via video deposition, at the trial in *Mills v. Molina Healthcare*, No. 22-cv-01813 (C.D. Cal.), which, at the time of his deposition in this action, had been the most recent trial for which he testified as an expert.

Moreover, even if Plaintiff and Plaintiff's expert witnesses were available to testify in person at trial, the video recordings of their depositions would have been necessarily obtained for use at trial for impeachment and credibility purposes, which would have been critical to

4

Russell's strategy for trying the case, challenging Plaintiff's theory of the case, and preserving both the witness's time and the Court's time. Mot. 5-6. Courts in this District have held that such uses constitute a permissible purpose for awarding video deposition costs. *Regueiro v. Am. Airlines Inc.*, 2024 WL 945263, at *8 (S.D. Fla. Feb. 7, 2024) (finding that videorecorded depositions "were necessarily obtained for use in this case" where such video recordings were "necessary to preserve witness time, allow jurors to assess credibility, and provide possible evidence for impeachment purposes").[3]

Lastly, Plaintiff challenges Russell's request for video recording costs on the ground that Russell has not established why **both** video recording and written transcription were necessary for these depositions. But this is patently false. Russell sufficiently articulated separate and independent reasons why both the video recording and written transcription were necessary for this case. Mot. 5-6; *see also id.* at 2-4. As discussed in its Motion, the deposition transcripts were necessarily obtained as part of discovery, and for briefing Russell's motion for summary judgment and *Daubert* motions. Further, each of the deponents were ultimately listed on Plaintiff's witness list for trial (*see* ECF No. 250-6 (Plaintiff Witness List)) and/or Russell's (*see* ECF No. 250-8 (Russell Witness List)). Video recordings of the depositions were necessary for the independent reasons discussed above. Courts in this District have awarded both transcript and video recording costs on similar grounds. *See, e.g.*, *Castillo*, 2012 WL 381200, at *4 (awarding video recording costs where video would be used at trial to challenge credibility of

---

[3] Though Plaintiff argues that video synchronization fees are not within the scope of 28 U.S.C. § 1920 (Obj. 6 n.1), courts in this District have awarded video synchronization costs "where they help the jury and the Court and conserve time." *Cordell Consultant, Inc. v. Abbott*, 2017 WL 8794778, at *7 (S.D. Fla. Dec. 15, 2017); *see also Wreal, LLC v. Amazon.com, Inc.*, 2019 WL 12278758, at *6 (S.D. Fla. Dec. 26, 2019) (awarding video synchronization costs on the ground that synchronization "would help the Court run the trial in an efficient manner if the case made it to that point" and "is 'critical' in 'assist[ing] the Court in ruling on the parties' designations of the exact excerpts to be played'" (citation omitted)). In *Cordell Consultant*, the court awarded such fees on this ground "[e]ven though [the] case did not go to trial and . . . the video synchronization was not used by the Court" but where the parties filed their pretrial stipulations, as the parties did here (*see, e.g.*, ECF No. 250). 2017 WL 8794778, at *7. As Russell argues in its Motion, video synchronization was necessary because Russell planned to present excerpts of the video testimony of Plaintiff's witnesses at trial, and synchronization would have aided the Court in identifying the portions of the video recordings that needed to be played at trial. Mot. 5-6. Such costs should be awarded here.

witnesses and witnesses lived beyond court's subpoena power and awarding transcript costs because they were used in connection with summary judgment briefing).[4]

Accordingly, the Court should reject Plaintiff's objections and award Russell the full amount of $9,623.00 for the costs of video recording the depositions of Plaintiff and Plaintiff's proffered experts.

## **CONCLUSION**

For the foregoing reasons, as well as those argued in Russell's opening brief (ECF No. 278), Russell respectfully requests that the Court grant its motion to tax costs under 28 U.S.C. § 1920 and enter an order awarding $25,215.45 in taxable costs to Russell as a prevailing party in this action.

Date: March 24, 2025

Respectfully submitted,

**AKERMAN LLP**

/s/ Alejandro J. Paz
David P. Ackerman (FBN 374350)
Alejandro J. Paz (FBN 1011728)
Mario O. Marin (FBN 123879)
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL 33401
Telephone: (561) 273-5567
david.ackerman@akerman.com
alejandro.paz@akerman.com

**MILBANK LLP**

Sean M. Murphy, Esq.*
Robert C. Hora, Esq.*
55 Hudson Yards

---

[4] Plaintiff attempts to distinguish *J.F. v. Carnival Corp.*, 2024 WL 4336657 (S.D. Fla. Aug. 27, 2024) on the ground that there, the plaintiff did not file an opposition, while Plaintiff did so here. But the mere fact that Plaintiff filed an opposition here does not help her case, as her arguments are bereft of merit and should be rejected for the reasons set forth in this reply. Moreover, other courts in this District have awarded both transcript and video costs for reasons similar to those articulated by Russell, even where the opposing party files an opposition. *See, e.g.*, *Regueiro*, 2024 WL 945263, at *4, *8 (awarding both transcript and video recording costs where losing party filed an opposition); *United States ex rel. Gillespie v. Kaplan Univ.*, 2015 WL 11181725, at *4 (S.D. Fla. Dec. 1, 2015) (same); *Castillo*, 2012 WL 381200, at *4 (same).

New York, NY 10001
Telephone: (212) 530-5688
smurphy@milbank.com
rhora@milbank.com

*admitted pro hac vice*

*Attorneys for Defendant Russell Investments Trust Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 24th day of March 2025, a true and correct copy of the foregoing was served upon all entitled parties via CM/ECF, which caused a true and correct copy to be served electronically upon all entitled parties.

*/s/ Alejandro J. Paz*
Alejandro J. Paz
