United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ann Johnson, as the representative of a class of those similarly situated, and on behalf of Royal Caribbean Cruises Ltd. Retirement Savings Plan, Plaintiff,<br><br>v.<br><br>Russell Investments Trust Company, fka Russell Trust Company and others, Defendants. | Civil Action No. 22-21735-Civ-Scola |

## Order on Motions to Tax Costs

Plaintiff Ann Johnson, as the representative of a class of those similarly situated, and on behalf of Royal Caribbean Cruises Ltd Retirement Savings Plan (the "Plan") (together "Johnson"), filed this action against Defendants Royal Caribbean Cruises Ltd. and the Royal Caribbean Cruises Ltd. Investment Committee (together "Royal Caribbean") and Russell Investments Trust Company ("Russell") for losses incurred as a result of a series of allegedly bad investment decisions affecting various retirement vehicles covered by the Employee Retirement Income Security Act. (Am. Compl., ECF No. 31.) Upon Russell and Royal Caribbean's motions, the Court granted summary judgment in their favors as to all Johnson's claims against them, finding no genuine issues of material fact that would warrant a trial in this case. (Order, ECF No. 273.) As the prevailing parties, both Defendants filed motions to tax costs. (Russell's Mot., ECF No. 278; RC's Mot., ECF No. 275.) Johnson opposes both motions, in part, (Pl.'s Resp. to Russell, ECF No. 281; Pl.'s Resp. to RC, ECF No. 280), to which the Defendants have, separately, replied. (Russell's Reply, ECF No. 284; RC's Reply, ECF No. 283.) Both motions are now ripe for review. After careful analysis, the Court **grants in part and denies in part** both motions (**ECF Nos. 275, 278**.)

1. **Background**

As the prevailing parties, both Russell and Royal Caribbean seek an award of various costs related to witness depositions. Royal Caribbean seeks to recover $33,318.25 for a whole host of "deposition-related costs" and $80 in

expert-witness deposition-attendance costs.[1] And Russell seeks to recover $25,215.45 for, more specifically, deposition transcripts ($13,916.70), deposition exhibits ($1,675.75), and video recordings of depositions ($9,623.00).

### 2. Legal Standard

Absent legal authority to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs, adhering to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although Federal Rule of Civil Procedure 54(d)(1) creates a presumption that costs will be awarded to the prevailing party, the Court may nevertheless exercise its discretion in doing so. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (recognizing a district court's discretion in awarding costs to a prevailing party). "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citations omitted). Further, even if the request is unopposed, the Court should nonetheless independently review the costs sought to determine whether they are indeed recoverable and reasonable. *See Collazo v. Progessive Select Ins. Co.*, 20-CV-25302, 2022 WL 18144067, at *2

---

[1] Royal Caribbean initially sought, in its motion, $35,595.85 but then withdrew a narrow set of requests by way of its reply. (RC's Mot. at 6; RC's Reply at 2.)

(S.D. Fla. Dec. 19, 2022) (Goodman, Mag. J.) ("[T]he Court is still limited to taxing only those costs specifically authorized by statute."), *rep. and recs. adopted,* 20-25302-CIV, 2023 WL 122614 (S.D. Fla. Jan. 6, 2023) (Scola, J.).

### 3. Discussion

Johnson does not dispute, and the Court agrees, that the Defendants are both entitled to the costs associated with the actual transcriptions of the witness depositions they each identify in their motions. Conversely, Johnson disputes the Defendants' entitlement to other fees they seek, associated with the depositions—such as for exhibits, video recordings, witness fees, rough drafts, virtual services, and "logistics, processing, and electronic files." As set forth below, the Court is persuaded as to the Defendants' entitlement to reimbursement for the costs associated with the exhibits copied for the deposition transcripts and Royal Caribbean's entitlement to reimbursement for its witness fees. On the other hand, the Court finds Johnson's objections to the other costs the Defendants seek well taken. Accordingly, and as more fully explained below, the Court grants in part and denies in part the Defendants' costs motions.

### A. Deposition Transcripts

Both Defendants seek awards for the costs itemized as "Transcript Services" within the invoices issued by Veritext Legal Solutions for services rendered for the depositions of seventeen witnesses: Johnson; Stacey Bro; Brian Meath; Peter G. Moroni, II; Steven Murray; Alan Coronado; Antje Gibson; Carrie Levine; Bert Hernandez; Joseph Wieneke; Brian C. Becker; Steve Pomerantz; Donald C. Stone; L. Charles Meythaler; Russell R. Wermers; Toni L. Brown; and Christian T. Lundblad.[2] There appears to be no dispute that these costs were incurred for the actual transcription of witness deposition testimonies that were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see Marler v. U-Store-It Mini Warehouse Co.,* No. 09-60613-CIV, 2011 WL 13174437, at *4 (S.D. Fla. May 26, 2011) (Goodman, Mag. J.) ("The cost of a deposition transcript itself is generally recoverable under § 1920 as long as it was necessarily obtained for use in the case.") (cleaned up), *rep. & rec. adopted,* No. 09-60613-CV, 2011 WL 13174767 (S.D. Fla. July 5, 2011) (Gold, J.). After a review of the record in this case, including the summary-judgment briefing and the parties' trial witness lists, the Court agrees that the Defendants should be awarded these costs: $22,205.15 for Royal Caribbean (*see* Pl.'s Resp. to RC

---

[2] Royal Caribbean claims, in its motion, that it seeks costs associated with only sixteen depositions, but attached to its bill of costs, it includes invoices for all seventeen witnesses.

at 9; RC's Mot., Ex. B, RC's Veritext Invs., ECF No. 275-2) and $13,916.70 for Russell (Pl.'s Resp. to Russell at 2; Russell's Mot., Ex. 2, Russell's Veritext Invs., ECF No. 278-2).

### B. Deposition Transcript Exhibits

Both Defendants additionally seek reimbursement for amounts Veritext charged for producing copies of the exhibits used in the thirteen depositions noticed by Johnson.[3] The Defendants maintain they are entitled these costs because they, as well as Johnson, relied on or cited to these exhibits in their summary-judgment briefing and all three parties identified deposition exhibits on their respective trial exhibit lists. (*See* RC's Mot. at 5; Russell's Mot. at 5–6.) In response, Johnson argues these exhibit costs should be excluded, principally because most of the exhibits were documents that the Defendants themselves had produced in discovery. (Pl.'s Resp. to RC at 6; Pl.'s Resp. to Russell at 5.) Accordingly, argues Johnson, any additional copies of these documents would be purely for the convenience of counsel. (Pl.'s Resp. to RC at 6; Pl.'s Resp. to Russell at 5.) The Court finds Johnson's argument misses the mark.

All three parties agree that the costs of producing the deposition transcripts themselves are taxable as it is undisputed that the depositions were "necessarily obtained for use in the case." And, regardless of where the underlying documents originated from, it would seem to the Court that the exhibits introduced during the depositions, by Johnson—the deposing, non-prevailing party—would be essential components of creating an accurate record of the deposition testimony. *See Walker v. Life Ins. Co. of N.A.*, No. 5:16-CV-00506-HNJ, 2024 WL 872279, at *6 (N.D. Ala. Feb. 29, 2024) (recognizing that deposition testimony would be incomplete without copies of the referenced exhibits because "exhibits attached to a deposition are essential to the deposition transcript") (cleaned up). Accordingly, the Court finds the Defendants, as the prevailing and non-deposing parties for these thirteen witnesses, entitled to recover the costs charged by Veritext for copies of exhibits that accompanied the deposition testimony: $1,779.75 for Royal Caribbean (*see* RC's Veritext Invs. at 3, 9–18, 20–21) and $1,666.75 for Russell (Russell's Veritext Invs. at 2–3, 7–13, 20, 25–26, 30).[4] *See BellSouth Telecomm.,*

---

[3] Royal Caribbean initially sought reimbursement for exhibits for all seventeen deponents but then, in reply, dropped from its request the four depositions that were cross noticed. (RC's Reply at 5.)

[4] Based on the line items set forth in Veritext's invoices, the Court calculates Russell's exhibit costs to be $1,666.75. Russell and Johnson both state the exhibits costs total is $1,675.75 but

*Inc. v. Mintz*, No. 1:04-CV-3586-CC, 2008 WL 11399761, at *2 (N.D. Ga. July 22, 2008) ("Exhibits attached to a deposition are essential to the deposition transcript and are therefore recoverable as part of the cost of the deposition.") (cleaned up).

### C. Deposition Video Recordings

Both Defendants also contend they should be reimbursed for the costs associated with video recordings of certain depositions: both Defendants seek costs for video recording one of Johnson's proffered experts, Donald C. Stone; and Russell, additionally, seeks costs for video recording three other depositions as well—of Johnson herself, and two other experts, Dr. Brian C. Becker and Dr. Steve Pomerantz. Johnson objects to the video costs, pointing out that neither Defendant establishes why both the video recording *and* the transcript of Stone's deposition were necessary. More specifically, Johnson also points out, with respect to Russell's request, that all four of these witnesses were scheduled to testify in person, further undermining the need for video recordings of the depositions in addition to the written transcripts. The Court agrees with Johnson.

To start, it is indeed the case that parties *may* be "entitled to costs for video depositions 'when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation.'" *Bluegreen Vacations Unlimited, Inc. v. Timeshare Lawyers P.A.*, No. 20-CV-24681, 2024 WL 2749298, at *5 (S.D. Fla. May 8, 2024) (Goodman, Mag. J.) (quoting *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996)) (cleaned up), *rep. and recs. adopted,* No. 20-24681-CIV, 2024 WL 2747112 (S.D. Fla. May 29, 2024) (Scola, J.). However, in addition, "the prevailing party must *still* explain why it was necessary to obtain both regular transcripts and videotaped copies." *Bluegreen*, 2024 WL 2749298 at *6 (emphasis in original).

The Court finds that neither motion satisfies the necessity prong. Russell maintains, in its motion, that the video recordings of all four depositions were necessary because "they were sought in anticipation of trial": (1) for "impeachment purposes" and (2) to aid the Court "in assessing . . . witness[] credibility." (Russell's Mot. at 6.) Russell further provides that the anticipated testimony of these four witnesses "was vital to Plaintiff's theory of the case and ability to meet her burden of proof at trial." (*Id.*) Royal Caribbean's motion, for

---

don't explain how they arrived at this figure. By the Court's calculations, the parties' sum is in error.

its part, simply provides that Johnson "was on notice that Mr. Stone's deposition would be video recorded in order to preserve his testimony for trial." (RC's Mot. at 5.)

Both submissions are mostly conclusory and neither motion sufficiently explains why the video recordings were necessary, in addition to the written transcripts. For example, why would a video recording, as opposed to the written transcript, be *necessary*, as Russell insists, for "impeachment purposes"? While the Court might agree with Russell's general supposition—that the videos could be useful, in terms of impeachment and time preservation—that vague notion, without more, is not enough to show that the recordings were actually necessary in this case. And, further, why would the Court need to rely on the video recordings to assess credibility when there was no indication, at least in the Defendants' motions, that any of the witnesses would not be appearing at trial or that any particular witness's credibility was sharply disputed? Ultimately, neither motion establishes that the video recordings would be used for anything other than the convenience of counsel.

In reply, both Defendants point to additional support for recouping the video-recording costs: primarily their concerns that Johnson's experts might not be testifying live at trial. (RC's Reply at 7; Russell's Reply at 5.) The Court does not find this persuasive. First, this new argument is untimely: "It is well settled that a party cannot raise an issue in its reply that was not made in its initial motion or brief." *Platypus Wear, Inc. v. Horizonte Fabricacao Distribuicao Importacao Exportacao Ltda*, No. 08-20738-CIV, 2009 WL 10664822, at *4 (S.D. Fla. Jan. 28, 2009) (Jordan, J.); *see also Lage v. Ocwen Loan Servicing LLC*, 145 F. Supp. 3d 1172, 1181 (S.D. Fla. 2015) (Bloom, J.) ("A reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence.") (cleaned up), *aff'd,* 839 F.3d 1003 (11th Cir. 2016).

Second, even if the Court did consider the argument, it is nonetheless substantively lacking. A party's unspecified concern about a witness's nonappearance does not amount to "an adequate reason as to why the attendance of a witness is uncertain." *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-CIV, 2019 WL 8275157, at *6 (S.D. Fla. Dec. 17, 2019) (Torres, Ch. Mag. J), *rep. and recs. adopted,* No. 17-61019-CIV, 2020 WL 1445472 (S.D. Fla. Jan. 24, 2020) (Williams, J.). Nor does the Defendants' "blanket argument that numerous deponents reside outside the Court's jurisdiction" suffice. *Id.* (noting further that, had the prevailing party "contended, for example, that certain witnesses were uncooperative or failed to appear at prior depositions or court proceedings, then they would have a compelling argument that costs for

videotaped depositions were necessary"). Without a concrete basis that would justify the Defendants' nonappearance concerns, their otherwise cursory apprehensions are not compelling. Accordingly, the Court declines to award either Defendant its costs for the video recordings of any of these deponents.

### D. Witness Fees

Royal Caribbean also seeks witness-fee costs under § 1920(3) for the appearances of its two expert witnesses for deposition. (RC's Mot. at 6.) As limited by 28 U.S.C.A. § 1821(b), this amounts to $40 for each witness, for a total of $80. (*Id.*) Johnson objects, arguing that, under § 1920(6), such fees can only be awarded for court-appointed witnesses. (Pl.'s Resp. to RC at 9.) Johnson's reliance on § 1920(6) is misplaced. Royal Caribbean's request is based on § 1920(3), which clearly provides this is a taxable cost. Accordingly, the Court awards Royal Caribbean its $80 for the appearance of these two witnesses to be deposed by Johnson.

### E. Other Costs

Attached to its motion, Royal Caribbean supplies Veritext deposition invoices that include fees for (1) "Rough Draft[s]"; (2) "Virtual Services"; and (3) "Logistics, Processing & Electronic Files." Although Royal Caribbean's motion doesn't specifically justify its reimbursement requests for these line items—or even mention them—those amounts are included in the total amount Royal Caribbean seeks. In her response, Johnson objects to all these costs, arguing that Royal Caribbean fails to show that these costs were not incurred solely for the convenience of counsel. (Pl.'s Resp. to RC at 5, 6, 7.) In reply, Royal Caribbean, for the first time, attempts to establish that these costs were all necessary. (RC's Reply at 2–4, 5–6.) For example, Royal Caribbean details timing difficulties occasioned by the tight deadlines between when certain depositions were taken and the dispositive-motion deadline and maintains, generally, that the fees for the various services were "necessarily incurred in connection with the depositions." (*E.g., id.* at 3–4, 6.) But Royal Caribbean's arguments, such as they are, come too late. As explained previously, it is improper for a party to sandbag its opponent by waiting to raise arguments and issues for the first time in reply. *See Platypus Wear*, 2009 WL 10664822, at *4; *Lage*, 145 F. Supp. 3d at 1181. Accordingly, the Court declines to award Royal Caribbean costs for any of these line items.

### 4. Conclusion

In sum then, consistent with the above, the Court finds that Royal Caribbean is entitled to an award of $24,064.90 (comprised of the sum of

$22,205.15 for deposition transcripts, $1,779.75 for the exhibit copies associated with those transcripts, and $80 in witness fees) and Russell is entitled to an award of $15,583.45 (comprised of the sum of $13,916.70 for deposition transcripts and $1,666.75 for the exhibit copies associated with those transcripts).

Accordingly, the Court awards **$24,064.90** to **Royal Caribbean** and **$15,583.45** to **Russell** in taxable costs, plus interest from the date of final judgment, to be paid by Johnson.

**Done and ordered** in Miami, Florida, on March 27, 2025.

Robert N. Scola, Jr.
United States District Judge