UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21735-BLOOM

ANN JOHNSON, AS THE REPRESENTATIVE
OF A CLASS OF SIMILARLY SITUATED
PERSONS, AND ON BEHALF OF THE ROYAL
CARIBBEAN CRUISES LTD. RETIREMENT
SAVINGS PLAN,

      Plaintiff,

      v.

RUSSELL INVESTMENTS TRUST COMPANY
(F/K/A RUSSELL TRUST COMPANY), ROYAL
CARIBBEAN CRUISES LTD., AND ROYAL
CARIBBEAN CRUISES LTD. INVESTMENT
COMMITTEE

      Defendants.
_____/

**ORDER PRELIMINARILY APPROVING AMENDED CLASS ACTION SETTLEMENT, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Preliminary Approval, ECF No. [288] ("Motion For Preliminary Approval") of a proposed class action settlement of the above-captioned action ("Action") between Named Plaintiff Ann Johnson, on behalf of a class of participants in the Royal Caribbean Cruises Ltd. Retirement Savings Plan ("Plan"), and Russell Investments Trust Company ("Russell"), as set forth in the Parties' Class Action Settlement Agreement ("Settlement Agreement"). Having duly considered the terms of the Settlement Agreement and the motion papers and arguments of counsel, the Court hereby finds and orders as follows:

1.     Based on the Court's review, the Court finds, on a preliminary basis, that: (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Settlement Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case following substantial discovery, (iii) the form and method of notice of the Settlement Agreement and of the Fairness Hearing is appropriate; and (iv) the Settlement Agreement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Eleventh Circuit precedents. Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

2.     For settlement purposes, the Court preliminarily certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(b)(1), which is consistent with the Class previously certified by the Court (*see* Doc. 161):

> All participants and beneficiaries of the Royal Caribbean Cruises Ltd. Retirement Savings Plan at any time on or after October 1, 2015 through May 23, 2019, who had any portion of their account invested in the Russell Funds.

Consistent with the Court's prior Order Granting Class Certification (Doc. 161), Named Plaintiff Ann Johnson is appointed as the Class Representative, and Nichols Kaster, PLLP and Wenzel, Fenton, Cabassa, P.A. are appointed as Class Counsel for the Settlement Class.

3.     The Court approves the proposed Notices of Settlement (Exhibits 1 and 2 to the Settlement Agreement) and the method of giving direct notice to Settlement Class Members by U.S. mail. The Court finds that the proposed Notices fairly and adequately provide information to the Settlement Class regarding, among other things: (1) the nature of the claims asserted in the Action; (2) the scope of the Settlement Class; (3) the terms of the Settlement Agreement; (4) Settlement Class Members' right to object to the Settlement and the deadline for doing so and the rights of the Settling Parties to discovery concerning such objections; (5) the Settlement Class's

release; (6) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (7) the date, time, and location of the Fairness Hearing; and (8) Settlement Class Members' right to appear at the Fairness Hearing. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the mailing of these Notices constitutes the best notice practicable under the circumstances and complies fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, due process, and applicable law. Additionally, the Notices provide due and sufficient notice of the Fairness Hearing and of the rights of all Settlement Class Members.

4. No later than forty-five (45) calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator shall distribute the proposed Notices to the Settlement Class by first class mail.

5. In accordance with the Settlement Agreement, the Settlement Administrator also shall establish a Settlement Website and toll-free telephone line relating to the Settlement no later than ten (10) calendar days following the entry of this Preliminary Approval Order.

6. In accordance with the Settlement Agreement, the Parties shall file a notice with the Court confirming compliance with 28 U.S.C. § 1715 at least thirty (30) calendar days prior to the Final Approval Hearing.

7. Pursuant to the Settlement Agreement, Analytics Consulting LLC is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

8. On **April 2, 2026 at 9:30 a.m.** or at such other date and time later set by Court Order,[1] in courtroom 10-2 of the United States District Court for the Southern District of Florida,

---

[1] Any change in the date, time, location, or format of the Fairness Hearing shall be posted on the Settlement Website.

Wilkie D. Ferguson, Jr. U.S. Courthouse, 400 North Miami Avenue, Miami, FL 33128, this Court will hold a Fairness Hearing to: (1) give final consideration to the fairness, reasonableness, and adequacy of the Settlement Agreement, (2) review any comments or objections regarding the Settlement Agreement, (3) consider whether the Court should issue a Final Approval Order approving this Settlement Agreement, (4) consider any proposed Attorneys' Fees and Costs, Administrative Expenses, and Service Award, and (5) consider any other matters that the Court may deem appropriate in connection with the Settlement.

9. Any Settlement Class Member may comment in support of or in opposition to the Settlement Agreement; provided, however, that all comments and objections shall only be considered by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defendants' Counsel. To be timely, the comment and/or objection and any supporting documents must be mailed or otherwise delivered to Class Counsel and Russell's Counsel no later than twenty-one (21) calendar days prior to the date of the Fairness Hearing. The comment and/or objection also must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class Member's full name, current address, and telephone number or email address; (3) describe the position the Settlement Class Member wishes to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that the Settlement Class Member wishes to submit in support of his or her position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the Settlement Class Member; and (6) include the Settlement Class Member's signature. A Settlement Class Member who submits a comment or objection regarding the Settlement Agreement need not appear at the Fairness Hearing for the Settlement Class Member's comment or objection to be considered by the Court. Any Settlement Class Member wishing to speak at the Fairness Hearing shall serve a notice of intent to appear on

Class Counsel and Russell's Counsel at least twenty-one (21) calendar days prior to the Fairness Hearing. Any Party may file a response to an objection before the Fairness Hearing.

10. Any Settlement Class Member or other person who does not timely serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

11. Any Settling Party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection and that any responses to discovery or depositions must be completed within ten (10) calendar days of the request being served on the objector.

12. Any application for Attorneys' Fees and Costs, Administrative Expenses, or Service Award shall be filed no later than fourteen (14) calendar days prior to the deadline for objections.

13. No later than fourteen (14) calendar days prior to the Fairness Hearing, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement. Class Counsel shall file any objections to the Settlement with the motion for Final Approval of the Amended Settlement.

14. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Settlement Class Member's objections and shall forever be barred from making any such objections in this Action or in any other action or proceeding.

15. The terms of the Bar Order set forth in the Settlement Agreement are preliminarily approved, subject to final approval of the Settlement Agreement.

Case No. 22-cv-21735-BLOOM

16. Each Settlement Class Member, and his or her respective heirs, executors, estates, beneficiaries, administrators, successors, agents, attorneys, and assigns, is preliminarily enjoined from suing Russell or other Released Parties in any action or proceeding alleging any of Plaintiff's Released Claims, even if any Settlement Class Member may thereafter discover facts in addition to or different from those which the Settlement Class Members or Class Counsel now know or believe to be true with respect to the Action and Plaintiff's Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Plaintiff's Released Claims against Russell or Released Parties.

17. The Settlement Agreement, the proceedings relating to the approval of the Settlement Agreement, and this Preliminary Approval Order are not and shall not be construed as evidence or an admission of any liability, responsibility, fault, or wrongdoing on the part of the Parties or any Released Party. In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, then the Parties and Settlement Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and any order entered by the Court pursuant to the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*.

Case No. 22-cv-21735-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 3, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record